UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>MARCELO OMAR SANCHEZ-ESPINOSA,<br><br>        Defendant. | Case No. 1:15-CR-130-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court are: (1) competency evaluation proceedings pursuant to 18 U.S.C. §§ 4241(c), (d) and 18 U.S.C. § 4247(d) and (2) defense counsel's oral motion to withdraw. For the reasons set forth below and consistent with the Court's oral ruling at the August 2, 2018 hearing in the above-entitled matter, (1) defense counsel's motion is denied and (2) the Court finds the Defendant is competent to proceed.

## BACKGROUND

On February 6, 2018, on the day set for his trial, Mr. Sanchez-Espinosa plead guilty to conspiracy to possess with intent to distribute methamphetamine. (Dkt. 1.) On March 15, 2018, defense counsel filed a Motion for Competency Hearing. (Dkt. 105.) The defense requested the Court order the defendant's commitment to a federal facility for the purpose of a psychiatric or psychological evaluation to address competency concerns pursuant to U.S.C. §§4241(b) and 4247.

On March 23, 2018, the Court granted the motion and ordered a competency examination to be completed by the Bureau of Prisons. (Dkt. 109.) Consistent with the

MEMORANDUM DECISION AND ORDER- 1

Court's Order, Defendant was committed to the Federal Detention Center, SeaTac, Washington and a forensic evaluation to determine his mental capacity was conducted. (Dkt. 119.)

On June 18, 2018, the Court and counsel received a Forensic Evaluation completed by Dr. Ryan Nybo, Psy.D, Forensic Unit Psychologist. (Dkt. 119.) Dr. Nybo reviewed certain legal documents and medical records, interviewed and observed Mr. Sanchez-Espinosa, and conducted a 30-minute phone call with defense counsel to discuss counsel's concerns regarding his client's mental health. (*Id.*) Ultimately, Dr. Nybo concluded that Mr. Sanchez-Espinosa is not currently suffering from any diagnosable conditions. (*Id.*). More specifically, Dr. Nybo concluded that Mr. Sanchez-Espinosa does not exhibit any acute emotional or mental symptoms with the intensity or duration necessary to meet the DSM-5 criteria for diagnosis. (*Id.*) Further, he does not appear to suffer from any major mood disturbances, significant cognitive disturbances, a formal thought disorder, or a trauma related disorder. (*Id.*)

On August 2, 2018, at the time set for the competency hearing in this case, defense counsel made an oral motion to withdraw as counsel of record and asked for the Court to conduct *ex parte* proceedings to discuss an alleged conflict between defense counsel and the Defendant. The Court engaged in an *ex parte* hearing and heard from defense counsel and the Defendant outside the presence of counsel for the Government.

At the hearing, the Court denied defense counsel's motion to withdraw and proceeded to the competency evaluation finding Defendant competent to proceed to sentencing. The following analysis further supports the Court's oral ruling.

MEMORANDUM DECISION AND ORDER- 2

# MOTION TO WITHDRAW

A trial court's decision to release counsel is an exercise of its discretion. *United States v. Williams*, 717 F.2d 473 (9th Cir. 1983) (citing *Glavin v. United States*, 396 F.2d 725, 726 (9th Cir. 1968)). Local Criminal Rule 44.1(b) states that "[a]n attorney who has appeared for a defendant may thereafter withdraw only upon notice to the defendant and all parties to the case and after order of the court finding good cause exists and granting leave to withdraw." When reviewing a trial court's decision on a motion to withdraw, the Ninth Circuit considers three factors: (1) the adequacy of the Court's inquiry; (2) the extent of the conflict between the defendant and his counsel; and (3) the timeliness of the motion and any inconvenience or delay that would result from the granting the motion. *See United States v. Corona-Garcia*, 210 F.3d 973, 976 (9th Cir. 2000).

At this juncture in the proceedings and based on the record before the Court at this time, the Court does not find good cause for defense counsel's motion to withdraw. First, the Court is satisfied with the adequacy of its *ex parte* inquiry. Second, the conflict between client and counsel appears to be limited to a difference in opinion regarding whether to contest the competency evaluation from the Bureau of Prisons or proceed to sentencing. Third, the timing of the motion to withdraw is unusual in that Defendant has already entered his plea and any delays associated with a motion to withdraw will simply delay the time set for sentencing. Accordingly, the Court does not find good cause to delay these proceedings any further by granting the motion to withdraw before resolving the competency proceedings before it.

# COMPETENCY

Defendant has made his position clear: he chose to enter a plea and would like to proceed with sentencing as soon as possible. The Court has had opportunity to observe the Defendant and consider the clarity of his thoughts and his perspective. In addition, the Court has the benefit of the forensic evaluation from the Federal Detention Center and Dr. Nybo's professional opinion. (Dkt. 119.)

Based on the record before it, the Court adopts the Forensic Evaluation (Dkt. 119) and finds, based on that Evaluation, that Mr. Sanchez-Espinosa is competent. More specifically, Mr. Sanchez-Espinosa does not suffer from a mental disorder that would substantially interfere with his present ability to understand the nature and consequences of the court proceedings brought against him or substantially impair his ability to assist counsel in his defense. Rather, he has demonstrated a sufficient ability to understand the nature and consequences of the court proceedings against him and a sufficient ability to properly assist counsel in his defense. Accordingly, the case shall proceed to sentencing.

# ORDER

Now THEREFORE IT IS HERBEY ORDERED that counsel's oral motion to withdraw is denied and the Court finds the Defendant competent to proceed to sentencing on October 23, 2018.

DATED: August 2, 2018

Edward J. Lodge
United States District Judge

MEMORANDUM DECISION AND ORDER- 4