**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. MARCELO OMAR SANCHEZ-ESPINOSA, AKA Omar, Defendant-Appellant. | No. 18-30247 D.C. No. 1:15-cr-00130-EJL-1 MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted December 9, 2019
Seattle, Washington

Before: GRABER, BERZON, and HIGGINSON,** Circuit Judges.

Marcelo Sanchez-Espinosa appeals the sentence imposed following his

guilty plea to conspiracy to possess with intent to distribute methamphetamine in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

violation of 21 U.S.C § 841(a)(1) and (b)(1)(A). We vacate the sentence and remand for resentencing.

The district court's denial of Mendoza's initial motion to withdraw relied on an incorrect legal standard and violated Sanchez-Espinosa's Sixth Amendment right to counsel of choice.[1] Because Sanchez-Espinosa hired Mendoza, Sanchez-Espinosa had a qualified constitutional right to discharge him "for any reason or no reason." *United States v. Rivera-Corona*, 618 F.3d 976, 980 (9th Cir. 2010); *accord United States v. Brown*, 785 F.3d 1337, 1340 (9th Cir. 2015). It was apparent that Sanchez-Espinosa "instigated the withdrawal motion," *Brown*, 785 F.3d at 1347, as Mendoza made the initial motion to withdraw "at my client's behest." The district court understood the motion to be Sanchez-Espinosa's request to substitute counsel.

When it ruled on the motion to withdraw, the district court did not recognize that Mendoza was retained. The court's written order misidentified Sanchez-Espinosa as "an indigent defendant request[ing] new court-appointed counsel in place of an existing appointed attorney." The court then incorrectly applied "extent-of-conflict" review, the standard used when a defendant seeks to substitute appointed counsel for appointed counsel. *Rivera-Corona*, 618 F.3d at 979; *see*

---

[1] We review for abuse of discretion because Sanchez-Espinosa does not raise the issue of substitution of counsel for the first time on appeal.

*Brown*, 785 F.3d at 1343. As a result of these errors, the district court violated Sanchez-Espinosa's Sixth Amendment right to counsel of choice. *See Rivera-Corona*, 618 F.3d at 979; *Brown*, 785 F.3d at 1344.

We vacate and remand for resentencing only. Our disposition does not disturb Sanchez-Espinosa's conviction, as the district court received and ruled on his request to substitute counsel more than one month after his guilty plea was accepted as final.

**VACATED and REMANDED.**